STATE OF CONNECTICUT *v.* JAMES RUTLEDGE
(6649)

DUPONT, C. J., SPALLONE and FOTI, Js.

Argued October 7, 1988—decision released January 3, 1989

---

*James C. Mulholland,* for the appellant (defendant).

*Leah Hawley,* deputy assistant state's attorney, for the appellee (state).

DUPONT, C. J. The defendant appeals from a judgment of conviction, rendered upon his conditional plea of nolo contendere,[1] of operating a motor vehicle while

---

[1] General Statutes § 54-94a allows a defendant to enter a plea of nolo contendere conditional on the right to take an appeal from the trial court's denial of a motion to suppress evidence based on an unreasonable search and seizure or from the denial of a motion to dismiss. That section provides: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress evidence based on an unreasonable search or seizure or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution." See also Practice Book § 4003 (a).

In this case, the ground for the defendant's motion to suppress, namely, that the results of the breath alcohol tests were obtained without compliance with applicable state statutory requirements, "is not included within the statutory language [of General Statutes § 54-94a] allowing appeals from an illegal search or seizure in violation of the fourth amendment. See *State* v. *Madera,* [198 Conn. 92, 99, 503 A.2d 136 (1985)]." *State* v. *Chung,* 202 Conn. 39, 43, 519 A.2d 1175 (1987). Jurisdiction arises however, from a rule of practice. Practice Book § 4003 (b).

Section 4003, which became effective October 1, 1986, provides in pertinent part: "APPEALS OF RULINGS ON MOTIONS TO DISMISS OR SUPPRESS FOLLOWING JUDGMENTS ENTERED UPON CONDITIONAL PLEAS OF NOLO CONTENDERE

* * *

"(b) With the approval of the court, after a hearing to consider any objections thereto, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any motion made prior to the close of evidence, which motion must be specified in such written reserva-

under the influence of intoxicating liquor in violation of General Statutes § 14-227a (a).[2] The defendant claims that the trial court erred in denying his motion to suppress the results of breath tests administered after his arrest. We find no error.

Certain facts are pertinent. On December 19, 1986, the defendant was involved in an automobile accident in Hartford. Hartford Patrolman Charles M. Allen was called to the scene of the accident. At the hearing on the defendant's motion to suppress, Allen testified that at the scene of the accident the defendant had shown signs of intoxication and that he had required the defendant to perform a series of roadside sobriety tests. Those tests confirmed the officer's suspicions of intoxication. The defendant was arrested and transported to the state police barracks where he remained for approximately fifteen to twenty minutes before chemical tests for alcohol consumption were given. Allen testified that he had advised the defendant of his rights under *Miranda* v. *Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), including his right to

tion. If the defendant prevails on appeal, the judgment shall be set aside and the defendant shall be allowed to withdraw the conditional plea of nolo contendere after the case has been remanded to the trial court. The court shall not accept a plea of guilty or nolo contendere pursuant to this subsection where the adverse determination of the specified motion would not have significant impact on the disposition of the case in the trial court. The court shall also decline to accept such a nolo contendere or guilty plea where the record available for review of the ruling upon the specified motion is inadequate for appellate review of the court's determination thereof." See also general principles of jurisdiction set forth in *Szarwak* v. *Warden,* 167 Conn. 10, 37, 355 A.2d 49 (1974); *State* v. *Clemente,* 166 Conn. 501, 514, 353 A.2d 723 (1974); *In re Appeal of Dattilo,* 136 Conn. 488, 492, 72 A.2d 50 (1950); *Walkinshaw* v. *O'Brien,* 130 Conn. 122, 142, 32 A.2d 547 (1943).

[2] General Statutes § 14-227a (a) provides in pertinent part: "OPERATION WHILE UNDER THE INFLUENCE. No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor . . . if he operates a motor vehicle . . . (2) while the ratio of alcohol in the blood of such person is ten-hundredths of one percent or more of alcohol, by weight."

consult with an attorney, "within minutes" before the defendant's test for alcohol consumption was given by the state police. The defendant testified that he had been told he had the right to refuse to take the tests and could opt to take a different test. He further testified that he understood the consequences of refusing to take the tests. The defendant had then submitted to two breath alcohol tests. The defendant also testified, however, that he had not been given the *Miranda* warnings and had not signed the form advising him that he had the right to consult with an attorney until *after* the tests were performed. The defendant subsequently filed a motion to suppress the results of the chemical breath tests performed after his arrest. After a hearing, the motion was denied by the trial court.

The issue to be resolved is whether the results of the tests were obtained in compliance with the governing statutory requirements for ensuring that such tests are admissible.

General Statutes § 14-227a (c)[3] sets forth six elements that must be satisfied for the admissibility of the results

---

[3] General Statutes § 14-227a (c) provides: "ADMISSIBILITY OF CHEMICAL ANALYSIS. Except as provided in subsection (d) of this section, in any criminal prosecution for violation of subsection (a) or (b) of this section, evidence respecting the amount of alcohol or drug in the defendant's blood or urine at the time of the alleged offense, as shown by the chemical analysis of the defendant's breath, blood or urine shall be admissible and competent provided: (1) The defendant was afforded a reasonable opportunity to telephone an attorney prior to the performance of the test and consented to the taking of the test result upon which such analysis is made; (2) a true copy of the report of the test result was mailed to or personally delivered to the defendant within twenty-four hours or by the end of the next regular business day, after such result was known, whichever is later; (3) the test was performed by or at the direction of a police officer according to methods and with equipment approved by the department of health services and was performed by a person certified or recertified for such purpose by said department or recertified by persons certified as instructors by the commissioner of health services. If a blood test is taken, it shall be on a blood sample taken by a person licensed to practice medicine and surgery in this state, a qualified laboratory technician, an emergency medical

of chemical analysis tests of a defendant's blood, breath or urine in a criminal prosecution for a violation of § 14-227a (a). The defendant's challenge relates to the first element, which provides that chemical analysis results are inadmissible unless the "defendant was afforded a reasonable opportunity to telephone an attorney prior to the performance of the test and consented to the taking of the test upon which such analysis is made . . . ." General Statutes § 14-227a (c) (1). The defendant also claims that the state failed to comply with General Statutes § 14-227b (b), which essentially duplicates the requirements of § 14-227a (c) (1), in that they both require that the defendant be afforded a reasonable opportunity to telephone an attorney prior to the performance of the test.[4]

---

technician II or a registered nurse; (4) the device used for such test was checked for accuracy at the beginning of each workday and no later than the end of each workday by a person certified by the department of health services; (5) an additional chemical test of the same type was performed at least thirty minutes after the initial test was performed, provided however the results of the initial test shall not be inadmissible under this subsection if reasonable efforts were made to have such additional test performed in accordance with the conditions set forth in this subsection and such additional test was not performed or was not performed within a reasonable time, or the results of such additional test are not admissible for failure to meet a condition set forth in this subsection; and (6) evidence is presented which demonstrates that the test results and the analysis thereof accurately reflect the blood alcohol content at the time of the alleged offense."

An amendment to General Statutes § 14-227a (c) (4), effective October 1, 1988, now requires accuracy testing to be performed "immediately before and after such test was performed by a person certified by the department of health services." See Public Acts 1988, No. 88-85.

[4] General Statutes § 14-227b (b) provides: "If any such person, having been placed under arrest for operating a motor vehicle while under the influence of intoxicating liquor or any drug or both or while his ability to operate such motor vehicle is impaired by the consumption of intoxicating liquor, and thereafter, after being apprised of his constitutional rights, having been requested to submit to a blood, breath or urine test at the option of the police officer, having been afforded a reasonable opportunity to telephone an attorney prior to the performance of such test and having been informed that his license or nonresident operating privilege will be suspended in

The trial court found, from the evidence adduced at the hearing on the motion to suppress, that the defendant was afforded a reasonable opportunity to consult with an attorney prior to submitting to the breath alcohol tests, that the *Miranda* warnings given to the defendant were sufficient to advise the defendant of his right to consult with an attorney prior to taking the tests, that the defendant was advised of his right to refuse to take the breath test and of his option to take a different test, that the defendant understood the consequences of his refusal to take any test, that the defendant signed a waiver of rights form indicating consent, and that the defendant consented to the breath alcohol tests.

The defendant argues, however, that the *Miranda* warnings given informed him only that he had a right to an attorney before answering any *questions,* not of his right to telephone an attorney prior to deciding whether or not to consent to take the chemical breath tests. This argument is without merit.

In interpreting the meaning or requirements of a statute, we rely on the traditional rules of statutory construction. *Mitchell* v. *Mitchell,* 194 Conn. 312, 320, 481 A.2d 31 (1984). It is a fundamental principle of construction that a statute such as § 14-227a (a), which imposes criminal liability, is to be strictly construed. *State* v. *Roque,* 190 Conn. 143, 151, 460 A.2d 26 (1983). This rule of strict construction, however, does not

accordance with the provisions of subsection (d), (e) or (f) of this section if he refuses to submit to such test and that evidence of such refusal shall be admissible in accordance with subsection (f) of section 14-227a and may be used against him in any criminal prosecution, refuse to submit to the designated test, the test shall not be given; provided, if the person refuses or is unable to submit to a blood test, the police officer shall designate the breath or urine test as the test to be taken. The police officer shall make a notation upon the records of the police department that he informed the person that his license or nonresident operating privilege would be suspended if he refused to submit to such test."

require that the most narrow, technical and exact meaning be given to the language of a statute in frustration of an obvious legislative intent. Id. The application of common sense to the language of a penal statute should not be exercised so as to result in absurdity or frustration of the evident design of the legislature. *State* v. *Waterman,* 7 Conn. App. 326, 334, 509 A.2d 518, cert. denied, 200 Conn. 807, 512 A.2d 231 (1986).

The language of §§ 14-227b (b) and 14-227a (c) (1) indicates that their purpose is to ensure that the defendant is afforded a reasonable opportunity to consult with an attorney before he submits to breath alcohol tests. A determination of what constitutes a "reasonable opportunity" is a question of fact for the trial court. See *Phillipe* v. *Thomas,* 3 Conn. App. 471, 475, 489 A.2d 1056 (1985). It is not within this court's province to find facts or draw conclusions therefrom. As an appellate court, we review the factual findings of the trial court to ensure that they could have been legally, logically and reasonably found, thereby establishing that the trial court could reasonably conclude as it did. *Ruwet-Sibley Equipment Corporation* v. *Stebbins,* 15 Conn. App. 21, 25, 542 A.2d 1171, cert. dismissed, 209 Conn. 806, 548 A.2d 437 (1988). The trial court reasonably could have concluded that the evidence adduced at the suppression hearing amply supported a finding that the defendant had a reasonable opportunity to consult with an attorney prior to taking the breath alcohol tests.

There is no error.

In this opinion the other judges concurred.