ALAN A. NERI ET AL. *v.* CARL A. NERI ET AL.
(12115)

DUPONT, C. J., and LANDAU and SPEAR, Js.

Argued March 24—decision released July 29, 1994

*Wesley W. Horton,* with whom were *Robert M. Shields, Jr.,* and *David S. Doyle,* for the appellant (named defendant).

*Anthony P. DiCrosta,* with whom, on the brief, was *Robert Mirto,* for the appellees (plaintiffs).

*William F. Gallagher,* with whom, on the brief, was *Barbara L. Cox,* for the appellees (defendant John L. Neri et al.).

SPEAR, J. The defendant, Carl Neri[1] appeals from a declaratory judgment wherein the ownership of outstanding shares of stock and the composition of the board of directors of the plaintiff Neri Brothers Construction Corporation (Neri Brothers) were determined. The defendant claims that the trial court (1) improperly refused to grant a motion to dismiss the case for improper venue or transfer it to another judicial district, (2) improperly applied the wrong standard of proof to find that the 1979 stock issue was fraudulent, (3) made a clearly erroneous finding of fraud even as measured by the proper standard of proof, (4) improperly voided the 1979 stock issue due to the board of directors' failure to comply with the formal notice requirements set forth in General Statutes § 33-316 (a)[2] and the corporation's bylaws,[3] and (5) improperly

---

[1] In the trial court, the defendants were Carl Neri, John Neri, individually and as executor of the estate of Anna Neri, and Fleet Bank. Carl Neri is the only defendant who appealed. We refer to him as the defendant in this opinion.

[2] General Statutes § 33-316 (a) provides: "Meetings of the board of directors, regular or special, may be held either within or without this state. Regular meetings of the board of directors may be held with or without notice as prescribed in the bylaws. *Unless otherwise prescribed in the bylaws, at least two days' written or oral notice of special meetings of the board of directors shall be given to each director.* Neither the business to be transacted at, nor the purpose of, any regular or special meeting of the board of directors need be specified in the notice or waiver of notice of such meeting unless required by the bylaws or this chapter." (Emphasis added.)

[3] The corporate bylaw regarding notice to directors states: "Notice of meetings, other than the regular annual meetings shall be given by service upon each Director in person, or by mailing to him at his last known post office address, *at least five (5) days* before the date therein designated for such meeting, including the day of the mailing, of a written or printed notice thereof specifying the time and place of such meeting, and the business to be brought before the meeting; and no business other than that

voided the entire 1979 stock issue for a violation of the preemptive stock rights of minority shareholders pursuant to General Statutes § 33-343 (b).[4] We disagree and affirm the judgment.

The relevant facts are as follows. The plaintiff Alan Neri[5] and the defendant Carl Neri are brothers. They formed Neri Brothers in 1967. At that time, Alan was designated president and director, and Carl was designated vice-president, secretary and director of the corporation. Another brother, John Neri, was named as treasurer and director.[6]

On March 17, 1967, the initial issue of corporate stock was allocated. Alan received sixty-six shares and Carl received seven shares. The distribution was based on the value of the assets each brother had contributed to the corporation. On February 29, 1968, a second issue of stock was allocated whereby Alan received two additional shares and Carl received an additional five shares. At this time, John and their mother, Anna Neri, each received five shares.[7]

specified in such notice shall be transacted at any meeting at which every member of the Board of Directors shall be present, although held without notice, any business may be transacted which might have been transacted if the meeting had been duly called." (Emphasis added.)

[4] General Statutes § 33-343 (b) provides: "Upon the offering or sale by a corporation for cash of its shares or convertible securities, each shareholder shall have the preemptive right, subject to the provisions of this section and of the certificate of incorporation, to purchase such shares or convertible securities in proportion to the number of shares held by him, within the time and on the terms fixed by the board of directors, except that such preemptive rights shall not be applicable to the issue of rights or options approved or authorized pursuant to the provisions of section 33-343 (b), or to the issue of shares upon the exercise of such rights or options or to shares or other securities disposed of pursuant to the provisions of § 33-347."

[5] Alan Neri and Neri Brothers Construction Corporation are both named as plaintiffs.

[6] Carl contested the validity of John's position on the board of directors at trial but this issue was not raised on appeal.

[7] Carl contested John and Anna's ownership of five shares each at trial but this issue was not raised on appeal.

A third issue of stock was allocated on February 28, 1970. Alan received an additional nine shares and Carl received an additional eight shares. At this time, there were 107 outstanding shares of stock: Alan owned seventy-seven shares (71.96 percent); Carl owned twenty shares (18.7 percent); John owned five shares (4.67 percent); and the estate of Anna Neri owned 5 shares (4.67 percent). In 1979, a fourth issue of stock was allocated and Alan and Carl each received 300 shares. Alan and Carl each conceded that neither John nor Anna was notified or informed of the additional issue of stock. The fourth stock issue substantially altered the interests of all the shareholders. Alan's interest was reduced from 71.96 percent to 53.2 percent, Carl's interest grew from 18.7 percent to 45 percent, and John and Anna's interests decreased respectively from 4.67 percent to 0.7 percent. The validity of the 1979 stock issue is the subject of this appeal.

Carl destroyed all stock certificates issued prior to 1979. He also altered the minutes of a 1986 meeting by inserting a notation that stated that John had been eliminated as a director. Moreover, there were no entries in the minute book for corporate meetings between February 3, 1968, and March 17, 1983. The trial court considered these actions, among others, in finding fraud on the part of Carl.

Alan signed the 1979 stock certificates because Carl had incorrectly informed him that the stock was issued for the sole purpose of providing documentation for the avoidance of corporate tax liability and that the additional shares would have no bearing on the proportional interests of any of the shareholders. The trial court found that Carl admitted that he had changed the amount of the stock issue *after* speaking to Alan, an action that was indicative of Carl's intent to obtain what he felt he was due him despite his representations to Alan.

The plaintiffs sought (1) an injunction prohibiting Carl from engaging in or interfering with the operation of Neri Brothers, (2) a declaratory judgment regarding the rights of the parties as to stock ownership, (3) an accounting, and (4) damages. The trial court bifurcated the proceedings and rendered a decision regarding only the percentage of stock owned by each family member.[8] The trial court found that Alan owned seventy-seven shares (71.96 percent), Carl owned twenty shares (18.8 percent), John owned five shares (4.67 percent) and the estate of Anna Neri owned five shares (4.67 percent). The trial court also found that John was and remains a director of the corporation and that the stock issues of 1979 and 1986 were invalid.[9]

## I

The defendant first claims that the trial court improperly refused to grant his motion to dismiss the action for improper venue, or alternatively, to transfer the case to the Middlesex judicial district. We need not review this issue.

Contrary to the defendant's assertion, he did not file a motion to dismiss *the action* for improper venue. Rather, he filed a motion to dismiss the plaintiffs' "application for a prejudgment remedy," alleging that the New Haven judicial district was an improper venue. The trial court denied the motion to dismiss the application, and, with the agreement of the parties, granted a temporary

---

[8] Although the proceedings in the present case were bifurcated, the plaintiffs nonetheless have appealed from a final judgment. See *Geib* v. *McKinney*, 224 Conn. 219, 617 A.2d 1377 (1992). In *Geib*, our Supreme Court ruled on an appeal from a judgment rendered on the report of a trial referee who ordered the issue of partition of the property to be tried separately from the issue of how the proceeds of any sale, if ordered, should be distributed. Id., 227.

[9] In this appeal Carl does not contest the court's finding regarding the stock issued in 1986.

restraining order. The defendant made no further objection to the venue and thereafter filed no other motion to dismiss.

A claim of improper venue may be waived by the parties, unlike subject matter jurisdiction, which cannot be conferred on the court by consent. *State* v. *Orsini,* 187 Conn. 264, 269, 445 A.2d 887 (1982). Here, the defendant does not contest the subject matter jurisdiction of the trial court,[10] but challenges only the propriety of the New Haven judicial district as the proper forum.

Appellate review of the venue issue that the defendant raised by the filing of the motion to dismiss the application for a prejudgment remedy is precluded by his inaction after the parties agreed to a partial granting of the relief sought by the plaintiffs.

## II

The defendant next claims that the trial court improperly found fraud in the 1979 stock issue pursuant to the application of an improper standard of proof. He claims alternatively that even under the proper standard, the finding of fraud would be clearly erroneous. These claims were raised prior to the trial court's articulation that it had applied the clear and convincing standard of proof to its finding of fraud.

---

[10] This case is distinguishable from *Farricielli* v. *Personnel Appeal Board,* 186 Conn. 198, 207, 440 A.2d 286 (1982), which held that the venue provisions of General Statutes § 4-183 (b) implicated the subject matter jurisdiction of the court. In *Farricielli,* the plaintiff attempted to appeal from the decision of an administrative agency, which right to appeal existed only under the statutory provisions that created it. Because the venue provision was a part of that statutory requirement, our Supreme Court held that the failure to comply with the venue provision resulted in the absence of subject matter jurisdiction in the trial court. Id., 204. Here, in contrast, the defendant's right to bring suit was grounded in common law rather than on the basis of a statute. Thus, *Farricielli* is inapposite.

The defendant's motion to strike the trial court's articulation was denied by this court. "An articulation is not an opportunity for a trial court to substitute a new decision nor to change the reasoning or basis of a prior decision." *Koper* v. *Koper,* 17 Conn. App. 480, 484, 553 A.2d 1162 (1989). Rather, an articulation relates back to the original decision and explains the basis for that decision. Therefore, the articulation is considered part of the trial court's original decision. The standard of proof articulated, "clear and convincing evidence," is the correct standard. See *Kilduff* v. *Adams, Inc.,* 219 Conn. 314, 326–27, 593 A.2d 478 (1991); *Henry* v. *Klein,* 15 Conn. App. 496, 499, 545 A.2d 575 (1988).

The defendant also asserts that even under the proper standard of proof, the trial court's finding of fraud was clearly erroneous. The defendant contends that the trial court's finding of fraud was not supported by the evidence and was in conflict with the evidence introduced by him. Essentially the defendant is asking this court to retry the facts determined by the trial court. We decline to do so.

"On appeal, the function of this court is limited solely to the determination of whether the factual findings of the trial court are clearly erroneous . . . ." *Public Works Supply Co.* v. *Eveready Machinery Co.,* 11 Conn. App. 79, 525 A.2d 988 (1987). "The sifting and weighing of evidence is peculiarly the function of the trier. [N]othing in our law is more elementary than that the trier is the final judge of the credibility of witnesses and of the weight to be accorded their testimony. . . . The trier has the witnesses before it and is in the position to analyze all the evidence. The trier is free to accept or reject, in whole or in part, the testimony offered by either party." (Citations omitted; internal

quotation marks omitted.) *Cook* v. *Bieluch,* 32 Conn. App. 537, 549–50, 629 A.2d 1175 (1993). " '[W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision; where the factual basis of the court's decision is challenged, we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous.' " *Mitchell* v. *Mitchell,* 31 Conn. App. 331, 336, 625 A.2d 828 (1993).

In its memorandum of decision, the trial court set forth the facts that it found to support its conclusion of fraud, noting that the defendant's testimony was not credible. The trial court relied on the defendant's admitted destruction of the stock certificates, the alteration of corporate minutes, the absence of records under his control as secretary of the corporation covering a period of fifteen years and his refusal to hand over documents as evidence of fraud. A review of the entire record convinces us that the factual findings made by the trial court were supported by evidence that the court found credible. Our conclusion that the trial court properly found that the 1979 stock issue was invalid due to the defendant's fraud is dispositive of this appeal and, therefore, we need not address the defendant's remaining claims.

The judgment is affirmed.

In this opinion the other judges concurred.