STATE OF CONNECTICUT *v.* MICHAEL PIORKOWSKI
(13537)

O'CONNELL, FOTI, LAVERY, LANDAU, HEIMAN, SPEAR and HENNESSY, Js.

Argued September 28, 1994—decision released March 21, 1995

*Elizabeth M. Inkster,* assistant public defender, with whom, on the brief, was *Joseph G. Bruckman,* public defender, for the appellant (defendant).

*Judith M. Rossi,* assistant state's attorney, with whom, on the brief, were *Eugene J. Callahan,* state's attorney, and *James Bernardi,* assistant state's attorney, for the appellee (state).

SPEAR, J. The defendant appeals from a judgment of conviction of murder in violation of General Statutes § 53a-54a (a)[1] rendered after he entered a plea of

---

[1] General Statutes § 53a-54a (a) provides: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death

nolo contendere. He appeals from the judgment pursuant to General Statutes § 54-94a[2] and Practice Book § 4003[3] and asserts that the trial court improperly denied his motion to suppress two statements that he gave to Norwalk police officers.

of such person or of a third person or causes a suicide by force, duress or deception; except that in any prosecution under this subsection, it shall be an affirmative defense that the defendant committed the proscribed act or acts under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be, provided nothing contained in this subsection shall constitute a defense to a prosecution for, or preclude a conviction of, manslaughter in the first degree or any other crime."

[2] General Statutes § 54-94a provides: "CONDITIONAL NOLO CONTENDERE PLEA. APPEAL OF DENIAL OF MOTION TO SUPPRESS OR DISMISS. When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress evidence based on an unreasonable search or seizure, motion to suppress statements and evidence based on the involuntariness of a statement or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

[3] Practice Book § 4003 provides: "(a) When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress evidence based on an unreasonable search or seizure or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. The issue to be considered in such appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution. The court shall not accept a nolo contendere plea pursuant to this subsection where the denial of the motion to suppress would not have a significant impact upon the disposition of the case in the trial court. The court shall also decline to accept such a nolo contendere plea where the record available for review of the denial of the motion to suppress or motion to dismiss is inadequate for appellate review of the court's determination thereof.

"(b) With the approval of the court, after a hearing to consider any objections thereto, a defendant may enter a conditional plea of guilty or nolo

The state claims that we do not have subject matter jurisdiction because (1) § 54-94a does not permit a conditional plea of nolo contendere and appeal on the grounds asserted in the defendant's motion to suppress, and (2) the appeal cannot be heard pursuant to Practice Book § 4003 because a court rule cannot create appellate subject matter jurisdiction. The defendant asserts that the language of § 54-94a is broad enough to encompass his claim that the defendant's statement is "involuntary."[4] He asserts that, alternatively, we do have jurisdiction to hear his appeal pursuant to § 4003 or pursuant to our supervisory authority.

We conclude that neither § 54-94a nor § 4003 implicates our subject matter jurisdiction. We will not consider the merits of the defendant's appeal, however, because it does not fit within the framework of § 54-94a, meet the requirements of § 4003 or present an appropriate occasion for the exercise of our supervisory power.

The following facts were made a part of the record by the state at the time the defendant entered his conditional plea of nolo contendere. The defendant was arrested on drug charges in early 1992. After the arrest, he was recruited as a confidential informant by

contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any motion made prior to the close of evidence, which motion must be specified in such written reservation. If the defendant prevails on appeal, the judgment shall be set aside and the defendant shall be allowed to withdraw the conditional plea of nolo contendere after the case has been remanded to the trial court. The court shall not accept a plea of guilty or nolo contendere pursuant to this subsection where the adverse determination of the specified motion would not have a significant impact on the disposition of the case in the trial court. The court shall also decline to accept such a nolo contendere or guilty plea where the record available for review of the ruling upon the specified motion is inadequate for appellate review of the court's determination thereof."

[4] The defendant does not claim that the other grounds asserted in his motion are included in the statutory language, nor does he claim that those other grounds are subsumed within his uncounseled statements claim.

the Norwalk police department. He told the police that Tim Lee was involved in marijuana trafficking, and, during the course of the investigation, he arranged to purchase marijuana from Lee. That transaction was observed by an officer of the Norwalk police department but, unbeknownst to the Norwalk police, the defendant also arranged to sell cocaine to Lee. On a later date, the defendant killed Lee during an argument over the defendant's failure to deliver cocaine or to return Lee's money. On October 21 and 22, 1992, after the defendant was arrested on other charges, he confessed to the murder of Lee.

The defendant moved to suppress the October 21 statement on the grounds that (1) he had not waived his *Miranda* rights and (2) the statement was taken in violation of his right to a prompt arraignment pursuant to General Statutes § 54-1c.[5] In the same motion, the defendant moved to suppress the October 22 statement on the grounds that (1) the statement was the fruit of the illegal October 21 interrogation, and (2) the statement was taken in violation of his right to counsel pursuant to the sixth amendment to the United States constitution.[6]

After a hearing, the trial court denied the motion to suppress. The defendant then entered a plea of nolo contendere to the charge of murder with the agreement of the state and the approval of the court. The defendant expressly conditioned his plea on the right to vacate it if his appeal of the trial court's denial of the motion

[5] General Statutes § 54-1c provides: "ADMISSIBILITY OF CONFESSION. Any admission, confession or statement, written or oral, obtained from an accused person who has not been presented to the first session of the court, or on the day specified for arraignment under the provisions of section 54-1g, or who has not been informed of his rights as provided by section 54-1b or section 54-64b, shall be inadmissible."

[6] The sixth amendment to the constitution of the United States provides in pertinent part: "In all criminal prosecutions, the accused shall . . . have the assistance of counsel for his defense."

to suppress was "successful on *either* or both" of the statements. (Emphasis added.) The trial court and the parties expressed some reservations as to whether the defendant's claims fit within the language of § 54-94a that allows a conditional plea and appeal "where there has been a denial of a motion to suppress based on the *involuntariness* of a statement." (Emphasis added.) The trial court and the parties opined that the defendant's claims appeared to be suitable for review pursuant to the Supreme Court's supervisory authority even if they were not within the purview of § 54-94a. After the appeal was filed, the Supreme Court transferred the case to this court pursuant to Practice Book § 4023.[7]

The threshold issue before us on appeal is whether this court has subject matter jurisdiction. The state asserts that we do not have subject matter jurisdiction pursuant to § 54-94a because the statute permits a conditional plea of nolo contendere and appeal only when the motion to suppress a statement is based on a claim of involuntariness. The state also asserts that § 4003 improperly attempts to confer subject matter jurisdiction on the appellate courts by rule. We disagree with the state's claims.

I

Despite the defendant's frustration over the state's now challenging a plea to which it agreed in the trial court, it is axiomatic that whenever the question of subject matter jurisdiction is raised, the court must address it before proceeding further. *Sadloski* v. *Manchester,* 228 Conn. 79, 84, 634 A.2d 888 (1994); *Castro* v. *Viera,* 207 Conn. 420, 429, 541 A.2d 1216 (1988). It is also axiomatic that the parties cannot confer subject matter jurisdiction on a court by agreement. *Sadloski* v.

---

[7] Practice Book § 4023 provides in pertinent part that the Supreme Court "may transfer a cause . . . from itself to the appellate court. . . ."

*Manchester*, supra, 84; *Neri* v. *Neri*, 35 Conn. App. 812, 817, 647 A.2d 1, cert. denied, 231 Conn. 916, 648 A.2d 154 (1994).

"Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it . . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it . . . . Jurisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created." (Citations omitted; internal quotation marks omitted.) *State* v. *Carey*, 222 Conn. 299, 304–305, 610 A.2d 1147 (1992); *Craig* v. *Bronson*, 202 Conn. 93, 101, 520 A.2d 155 (1987).

The power to hear appeals in criminal cases is conferred by General Statutes § 54-95.[8] Pursuant to § 54-95, appellate criminal jurisdiction lies where there is an appeal from a final judgment. The thirty year sentence that was imposed on the defendant here constituted a final judgment. *State* v. *Ayala*, 222 Conn. 331, 339, 610 A.2d 1162 (1992); *State* v. *Jackson*, 32 Conn. App. 724, 731, 630 A.2d 164, cert. denied, 228 Conn. 903, 634 A.2d 297 (1993). This court is competent to entertain this action because appellate courts routinely review appeals that challenge trial courts' denials of motions to suppress statements.

When viewed in light of the definition of subject matter jurisdiction and the statutes that create such jurisdiction, it becomes clear that § 54-94a neither confers nor curtails appellate subject matter jurisdiction. What § 54-94a does is abrogate, in certain circumstances, the waiver of constitutional rights that is implicit in a guilty

---

[8] General Statutes § 54-95 provides in pertinent part: "(a) Any defendant in a criminal prosecution, aggrieved by any decision of the superior court, upon the trial thereof . . . may be relieved by appeal . . . ."

or nolo contendere plea. "As a general rule, an unconditional plea of guilty . . . intelligently and voluntarily made, operates as a waiver of all nonjurisdictional defects . . . ." *State* v. *Niblack*, 220 Conn. 270, 276, 596 A.2d 407 (1991); see also *Parker* v. *Commissioner of Correction*, 27 Conn. App. 675, 683–84, 610 A.2d 1305, cert. denied, 223 Conn. 909, 612 A.2d 57 (1992), citing *Tollett* v. *Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973). Section 54-94a clearly states its purpose in its concluding sentence: "A plea of nolo contendere by a defendant under this section shall *not* constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution." (Emphasis added.) In referring to § 54-94a, our Supreme Court has said: "The legislature in 1982 *altered* the broad waiver of constitutional rights implicit in a plea of guilty or nolo contendere . . . ." (Emphasis added.) *State* v. *Madera*, 198 Conn. 92, 98, 503 A.2d 136 (1985); see also *State* v. *Gilnite*, 202 Conn. 369, 374–75, 521 A.2d 547 (1987).

In enacting § 54-94a, the legislature created a new, expedited route to the appellate courts but it did not create a new jurisdictional doorway into those courts.[9] Section 54-94a is intended to promote judicial economy by allowing the parties to litigate a suppression or dismissal issue fully in the trial court, and thereafter allowing the defendant to obtain review of an adverse ruling without the parties' or the court's expending additional resources.

The state posits the issue as one of subject matter jurisdiction, but we conclude that the only question pre-

---

[9] We note that during the floor discussion of the proposed § 54-94a, Representative Richard Tulisano stated: "[T]he right of appeal *already exists* based on this issue . . . it effectively speeds up the process and just gets the matter before the courts faster and saves the state a lot of money on

sented with respect to § 54-94a is whether the defendant has satisfied its predicate requirements.

## II

In order to utilize the benefits of § 54-94a, a defendant's claim must fall within the purview of the statute. Specifically, the motion to suppress must challenge the voluntariness of the statement. The defendant asserts that his motion to suppress, which challenged the admission of the statements because they were made without the benefit of counsel, is a claim that is within the statute. He argues that the legal concept of "voluntariness" encompasses claims of both self-incrimination and right to counsel.

The defendant relies on an attorney's statement to the joint committee on the judiciary[10] in support of his contention that § 54-94a was intended to include statements taken in violation of a defendant's right to counsel. While we *may* look at testimony and legislative history to determine legislative intent "when the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent." (Internal quotation marks omitted.) *Frillici* v. *Westport*, 231 Conn. 418, 430, 650 A.2d 557 (1994); *Weinberg* v. *ARA Vending Co.*, 223 Conn. 336, 341, 612 A.2d 1203 (1992).

---

the issue that is ultimately going to be argued anyway." (Emphasis added.) 31 H.R.. Proc., Pt. 2, 1988 Sess., p. 539.

[10] Attorney Brian Kornbrath's statement to the joint committee on the judiciary was as follows: "We're asking that the committee pass this resolution because there are a number of cases where the voluntariness of the statement based on both the fifth amendment and the sixth amendment privileges under the United States Constitution and Article I, Section 8 of the Connecticut Constitution is the only issue.

Having examined the statute, we conclude that the language is plain and unambiguous. Section 54-94a clearly enumerates the instances wherein a defendant has a right to take an appeal after entering a conditional plea of nolo contendere. Section 54-94a provides that a defendant may "appeal from the court's denial of the defendant's motion to suppress evidence based on an unreasonable search or seizure, motion to suppress statements and evidence based on the *involuntariness of a statement* or motion to dismiss . . . ." (Emphasis added.) In accordance with the canons of statutory construction, we conclude that the legislature intended to grant a defendant an expedited appeal only in the three prescribed circumstances. Had the legislature intended to include uncounseled statements, such a provision would have been enumerated along with the other instances. There is nothing in the language of the statute that indicates that the word "voluntariness" is meant to include claims of right to counsel.

The defendant fails to cite any precedent in which our courts have held that a motion to suppress an uncounseled statement met the requirements set forth in § 54-94a. Nor has he cited any cases for the proposition that a statement that is made in the absence of counsel is involuntary per se. Our courts have held that in order for a defendant to appeal pursuant to § 54-94a the conditions therein must be satisfied, and the court will not liberally construe those requirements. See *State* v. *Gilnite*, supra, 202 Conn. 375–76. We, therefore, decline to read § 54-94a in the expansive fashion urged by the defendant.

"The basis for this claim obviously is judicial economy. It would save a lot of time and effort if a defendant could forgo his jury trial which would take a matter of weeks, obviously, and proceed right to the appellate level based on the one issue, the voluntariness of the statement." Conn. Joint Standing Committee Hearings, Judiciary, Pt. 1, 1988 Sess., pp. 272–73.

### III

The defendant relies in the alternative on § 4003 (b),[11] which allows a conditional plea of guilty or nolo contendere with a reservation of "the right, on appeal from the judgment, to review of the adverse determination of *any* motion made prior to the close of evidence . . . ." (Emphasis added.) The state asserts that Practice Book § 4003 purports to confer subject matter jurisdiction on this court contrary to the dictates of § 54-94a. In support of this assertion, the state cites *Simms* v. *Warden,* 230 Conn. 608, 646 A.2d 126 (1994), for the proposition that appellate subject matter jurisdiction is created by statute, not rule of practice. We have no quarrel with that proposition; it simply does not apply here. Section 54-94a does not implicate the court's subject matter jurisdiction for the reasons discussed in part I of this opinion, and § 4003 simply makes further inroads on the court-made waiver rule that applies where there has been an *unconditional* plea of guilty or nolo contendere.

The rule increases the number of situations wherein an appeal can be taken without the necessity for a full trial. This is consistent with the notions of judicial economy that underpin § 54-94a. Section 4003 also answers the concerns expressed by the Supreme Court in *State* v. *Madera,* supra, 198 Conn. 92. The *Madera* court noted that the conditional nolo contendere plea could be abused if not limited to dispositive matters. The court also stated that the trial courts should not "employ this procedural innovation except in situations plainly within the provisions of § 54-94a" until *a rule* was furnished to prevent abuse. Id., 102. Section 4003 provides such a rule to expedite appeals within the framework of the appellate courts' existing subject mat-

---

[11] See footnote 3.

ter jurisdiction and builds in these safeguards against abuse: (1) court approval of a conditional plea, (2) a determination by the court of whether an adverse determination of the motion would have a "significant impact on the disposition of the case," and (3) a determination by the trial court of whether the record is adequate for appellate review. General Statutes § 51-14 (a) recognizes that the rule-making power of the appellate courts is "for the purpose of simplifying proceedings in the courts and of promoting the speedy and efficient determination of litigation upon its merits. . . ." Section 4003 fulfills those purposes without in any way purporting to enlarge subject matter jurisdiction.

The defendant's claims cannot be reviewed pursuant to § 4003 (b) because the rule provides that the judgment shall be set aside only if the defendant *prevails* on appeal. The defendant expressly conditioned his plea on the right to withdraw it if he should prevail as to *either* or both of the challenged statements. Partial success by the defendant is outside the contemplation and spirit of the rule. It would, in effect, modify the word "prevails" in the rule to "prevails in part." Such an interpretation would run counter to, rather than advance the interests of, judicial economy and efficiency by allowing piecemeal appeals. If the defendant prevailed as to only one of the challenged statements, he could then withdraw his plea, go to trial and, if convicted, appeal again. An appellate court might then have to review this matter again on appeal, and the trial court would have had a full trial—exactly what the rule was designed to eliminate. This scenario is the antithesis of judicial economy.

The defendant's appeal does not properly fit within § 4003 (b) because of his reservation of the right to

vacate his plea even if he does not prevail.[12] Therefore, we decline to review the defendant's claims on the merits.

## IV

The defendant lastly asserts that a refusal by this court to review his appeal pursuant to our supervisory authority will *"overrule* the Supreme Court case of *State* v. *Chung,* [202 Conn. 39, 519 A.2d 1175 (1987)]." (Emphasis in original.) In *State* v. *Chung,* supra, 39, the defendant pleaded nolo contendere in the trial court with the agreement of the state and the approval of the trial judge. The defendant, thereafter, appealed from the judgment of conviction and claimed that the trial court improperly denied his motion to suppress certain statements elicited from him. The version of § 54-94a in effect in *Chung* did not include the denial of a motion to suppress statements among the matters subject to a conditional nolo contendere plea.[13] The Supreme Court stated that although the case was not within the ambit of § 54-94a, "this case is an appropriate situation for this court to exercise its inherent supervisory authority over the administration of justice to review the issue preserved by the defendant." Id., 44. The court went on to say: "The admissibility of the defendant's confession is the sole question presented to this court and it properly can be reviewed on the record available." Id.

---

[12] Contrary to the state's contention, this court properly reviewed appeals arising out of nolo contendere pleas in *State* v. *Rutledge,* 17 Conn. App. 250, 251 n.1, 552 A.2d 435 (1989); *State* v. *Ballantyne,* 17 Conn. App. 209, 211 n.2, 551 A.2d 770 (1988); *State* v. *Scott,* 16 Conn. App. 172, 173, 547 A.2d 77, cert. denied, 209 Conn. 821, 551 A.2d 758 (1988); *State* v. *Smith,* 16 Conn. App. 156, 157–58 n.1, 547 A.2d 69, cert. denied, 209 Conn. 820, 551 A.2d 758 (1988). In each of these cases the conditions of § 4003 were satisfied although none of the cases came within the purview of § 54-94a.

[13] At the time *Chung* was decided, General Statutes (Rev. to 1987) § 54-94a provided for an appeal "from the court's denial of the defendant's motion to suppress evidence based on an unreasonable search or seizure or motion to dismiss . . . ."

Supervisory authority is a necessary adjunct of appellate jurisdiction that is used "to facilitate business and advance justice." *O'Bymachow* v. *O'Bymachow*, 10 Conn. App. 76, 78, 521 A.2d 599 (1987). We do not read *State* v. *Chung*, supra, 202 Conn. 39, as *mandating* that we review appeals that fail to satisfy § 54-94a or § 4003 pursuant to our supervisory authority because the parties agreed in the trial court that we should do so. The defendant's assertion of a right to review pursuant to our supervisory authority is particularly inappropriate because his plea does not conform to § 4003 (b) as discussed in part III of this opinion. The court's supervisory power "does not allow litigants to circumvent other rules of practice designed to promote judicial efficiency and justice." *North Park Mortgage Services, Inc.* v. *Pinette*, 27 Conn. App. 628, 633, 608 A.2d 714 (1992).

Our Supreme Court stated in *Chung*: "Moreover, to force *this* defendant to go through an entire trial to preserve the right to appeal the pretrial ruling, under the facts of this case, would be a waste of judicial time and resources." (Emphasis in original.) *State* v. *Chung*, supra, 202 Conn. 45. The emphasis on "this" defendant strongly suggests that *Chung* is limited to its facts. The case law also demonstrates the court's reluctance to extend the scope of § 54-94a beyond the three instances enumerated in the statute. In *State* v. *Madera*, supra, 198 Conn. 98, the Supreme Court refused to review an appeal pursuant to § 54-94a that challenged the trial court's denial of a motion to suppress a confession because the statute did not then include such a motion.[14] The court cautioned that "[t]he conditional plea is susceptible to abuse . . . unless its use is carefully limited to significant issues the determination of which on appeal is likely to be dispositive

---

[14] *Madera* was decided before § 54-94a was amended in 1988 to include a motion to suppress involuntary statements.

of the case." Id., 101. In *State* v. *Gilnite*, supra, 202 Conn. 376–80, the Supreme Court held that § 54-94a requires that a nolo contendere plea be made *expressly* conditional on the right to appeal.

We note also that in *State* v. *Kelly*, 206 Conn. 323, 537 A.2d 483 (1988), the Supreme Court refused to exercise its supervisory authority to review a juvenile transfer matter that was outside the ambit of § 54-94a. The language of *Chung* and the refusal of the Supreme Court to review the claims in *Kelly* counsel us to use our supervisory power only in appropriate circumstances. For the reasons stated in part II of this opinion, this case does not present such a situation.

The trial court improperly accepted the plea of nolo contendere because the condition could not be fulfilled under our procedures.

The judgment is reversed and the case is remanded for further proceedings.[15]

In this opinion the other judges concurred.

---

[15] The defendant expressly conditioned his plea on full appellate review of his claims. Because we refuse to answer the issues raised by the defendant on appeal, the appeal, the plea and judgment thereon cannot stand. See *State* v. *Madera*, supra, 198 Conn. 111, where the court set aside the judgment rendered on a conditional plea after finding that the issues raised on appeal were not reviewable.