[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is the defendant's motion to dismiss the complaint of the intervening plaintiff, Networks Unlimited, Inc. (Networks), which complaint seeks to recover sums paid as worker's compensation to the plaintiff, Renee Myers. Myers was an employee of Networks and allegedly sustained injury in Connecticut arising out of that employment as a result of the defendant's negligence. Myers is a resident of Massachusetts, and her place of employment was also Massachusetts. Essentially, the defendant contends that because the compensation benefits were paid under Massachusetts worker's compensation laws, this court lacks subject matter jurisdiction to decide the intervenor's derivative suit.
The defendant argues that because no compensation was paid or payable under the Connecticut worker's compensation act, G.S. ch. 568, the employer cannot intervene because G.S. § 31-29 (a) only applies to employers who have paid compensation benefits under the Connecticut worker's compensation act. The defendant cites two lower court decisions as support for its position, that the court, therefore, lacks subject matter jurisdiction over the intervenor's complaint. In Spaulding v. Thomas,
Superior Court, Judicial District of Middlesex, d.n. 64962 (June 28, 1993), the trial court, Higgins, J., ruled that a New Hampshire employer could not intervene under § 31-293 (a), in its employee's negligence action against a purported third-party tortfeasor because no compensation payments had been made under the Connecticut worker's compensation act. This position was reiterated by Judge Corridano in Stoker v. Marriott Corporation,
Superior Court, Judicial District of Hartford/New Britain, d.n. CV 89-369701 (February 3, 1994).
Networks distinguishes these cases from its case by noting CT Page 1431-W that, unlike the intervenors in Spaulding andStoker, it makes no claim to subrogation under §31-293 (a). Instead, Networks claims that the Massachusetts worker's compensation act also permits such derivative actions and that Connecticut courts have jurisdiction to resolve derivative suits involving Massachusetts compensation law as long as the parent suit is within the jurisdiction of the Connecticut courts. In sum, Networks urges the court to find subject matter jurisdiction independent of § 31-293 (a). It should be noted that Judge Corradino in Stoker v. Marriott Corporation,
supra, specifically eschewed addressing the claim now put forth by the employer in the present case.
The court agrees with the employer that it has subject matter jurisdiction to address its derivative action. Our Supreme Court, albeit in dictum, has remarked that, provided the worker's compensation laws of a foreign jurisdiction do not violate the public policy of our state, Connecticut courts should give effect to actions based on the worker's compensation laws of other jurisdictions. Kennerson v. Thames Towboating Co.,89 Conn. 367, 381 (1915). In that case, the alleged injury to the employee occurred off the New Jersey coast. The employee, employer, and contract of employment were all Connecticut based. The Supreme Court dismissed the appeal from the compensation commissioner's ruling that the employer was obligated to pay benefits to the employee despite the fact that the accident happened outside Connecticut. In rejecting the employer's argument against liability for extraterritorial injuries, the Supreme Court, in another case, recognized that this rejection supports the notion that because Connecticut worker's compensation law is given extraterritorial effect, similar effect must be given to like laws of other states in Connecticut courts.Hopkins v. Matchless Metal Polish Co., 99 Conn. 457,462 (1923).
Although Connecticut's worker's compensation law has evolved significantly since Kennerson and Hopkins
were decided, the principle that our courts have subject matter jurisdiction to decide compensation cases based on laws from other states remains intact. Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented. State v. Piorkowski, 37 Conn. App. 252, 258
(1995). The dicta in Kennerson and Hopkins
indicate that Connecticut courts have the power to decide claims arising out of worker's compensation laws of other states. The CT Page 1431-X court holds, therefore, that it has subject matter jurisdiction over the derivative action filed by the intervening employer. It should be noted that this view was adopted by the United States District Court for Connecticut in Greene v. Verven,203 F. Sup. 607, 610 (1962), on facts quite similar to the ones alleged in the present case.
For these reasons, the motion to dismiss is denied.
Sferrazza, J.