[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SPECIAL FINDING UNDERCONNECTICUT GENERAL STATUTES § 52-226A
Procedural Background
On December 21, 1994 the jury rendered a verdict in the above action in favor of the plaintiff on his complaint to recover legal fees due from the defendant and in favor of the plaintiff on the defendant's counterclaim. By motion dated December 27, 1994 the plaintiff moved that this court make a special finding to be incorporated in the judgment that certain defenses to this action and the counterclaims brought in this action were without merit and not brought in good faith. The court's consideration of this motion was delayed by the Chapter 11 bankruptcy proceedings filed by the defendant on January 17, 1995.
By Order dated October 7, 1997 the U.S. Bankruptcy Court, Krechevsky, J., ordered that "the automatic stay under Section 362 of the U.S. Bankruptcy Code (the "Code") is modified so that Caciopoli may take all steps necessary to arrange a hearing with the trial court in Caciopoli vs. Neri Brother Construction Corp.,
CV-92-0067375S." The hearing on the defendant's Motion to Set Aside Verdict and Motion for Judgment Notwithstanding the Verdict, the plaintiffs Motion for Judgment and the Motion for Special Finding occurred on November 20, 1997. On that date the court denied the Motion to Set Aside Verdict and Motion for Judgment Notwithstanding the Verdict and granted the plaintiff's Motion for Judgment. The court also heard argument on the Motion for Special Finding. CT Page 3856
Factual Background
Alan Neri and Carl Neri are brothers who formed Neri Brothers Construction Corp. in 1967. At that time, Alan was designated president and director, and Carl was designated vice-president, secretary and director of the corporation. Shares in Neri Brothers were issued based on assets contributed to the corporation. Although Alan owned seventy-seven shares (71.96 percent) as of 1970 and Carl owned only twenty shares (18.7 percent) Carl controlled the operations of the corporation. During many years of the period in which Carl controlled the corporation, the plaintiff, Dominic Caciopoli, was the lawyer for Neri Brothers
At some time prior to the commencement of the present action Alan Neri commenced an action in this court, Judicial District of New Haven, against Carl Neri in which he sought 1) an injunction prohibiting Carl from engaging in or interfering with the operation of Neri Brothers, (2) a declaratory judgment regarding the rights of the parties as to stock ownership, (3) an accounting, and (4) damages. In that action the trial court found that in 1979 the corporation issued an additional 600 shares of stock, 300 shares to Carl, and 300 to Alan. This substantially changed the percentage ownership of the corporation. The court further found:
 Alan signed the 1979 stock certificates because Carl had incorrectly informed him that the stock was issued for the sole purpose of providing documentation for the avoidance of corporate tax liability and that the additional shares would have no bearing on the proportional interests of any of the shareholders. The trial court found that Carl admitted that he had changed the amount of the stock issue after speaking to Alan, an action that was indicative of Carl's intent to obtain what he felt he was due him despite his representations to Alan.
Neri v. Neri, 35 Conn. App. 812, 815, 647 A.2d 1 (1994).
The Appellate Court summarized the findings of the trial court as follows:
 Carl destroyed all stock certificates issued prior to 1979. He also altered the minutes of a 1986 meeting by inserting a notation that stated that John [a third Neri brother] had been eliminated as a director. Moreover, there were no entries in the minute book CT Page 3857 for corporate meetings between February 3, 1968, and March 17, 1983. The trial court considered these actions, among others, in finding fraud on the part of Carl.
Neri v. Neri, 35 Conn. App. 812, 815, 647 A.2d 1 (1994).
The trial court in Neri v. Neri, supra, voided the 1979 stock issue and found that the action of Carl Neri had been fraudulent. That decision was affirmed by the Appellate Court. As a result of the decision in Neri v. Neri, supra, Carl Neri no longer ran the business of Neri Brothers and Dominic Caciopoli was removed as that company's counsel.
At the time of his removal Attorney Caciopoli claimed that Neri Brothers owed him approximately $185,000 in attorneys fees and brought this action to recover those fees. Neri Brothers filed a counterclaim which alleged that the plaintiff committed malpractice and acted in ways which were inconsistent with the best interest of the corporation.
Discussion of Law and Ruling
Connecticut General Statutes § 52-226a provides:
 In any civil action tried to a jury, after the return of a verdict and before judgment has been rendered thereon, or in any civil action tried to the court, not more than fourteen days after judgment has been rendered, the prevailing party may file a written motion requesting the court to make a special finding to be incorporated in the judgment or made a part of the record, as the case may be, that the action or a defense to the action was without merit and not brought or asserted in good faith. Any such finding by the court shall be admissible in any subsequent action brought pursuant to subsection (a) of section 52-568.
In Beverly v. State, 44 Conn. App. 641, 691 A.2d 1093 (1997) the Court stated:
 "[W]e have declined to uphold awards under the bad-faith exception absent both clear evidence that the challenged actions are entirely without color and [are taken] for reasons of harassment or delay or for other improper purposes. . . ." (Internal quotation marks omitted.) Fattibene v. Kealey, 18 Conn. App. 344, 360-61, 558 A.2d 677
(1989). CT Page 3858
In this case the defendant presented competent evidence that Attorney Caciopoli had allowed a dismissal to enter in a case involving a project in Deep River and that Attorney Caciopoli violated the accepted standard of care for attorneys when he did so. It also presented competent evidence that the attorney who represented Neri Brothers after Attorney Caciopoli ceased such representation was faced with a default which Attorney Caciopoli had allowed to enter against Neri Brothers and that Neri Brothers incurred further legal expense in attempting to reopen the default.
The defendant, therefore, certainly presented a colorable claim that Attorney Caciopoli had committed malpractice. The court cannot find that the defendant violated § 52-226a
merely because the defendant did not thoroughly investigate various aspects of its claim, or because various aspects of its claim were weak. If it could, then violations of § 52-226a
would occur routinely.
In his Complaint the plaintiff claimed that he provided legal services to the defendant between October 1, 1984 and April 1, 1992 pursuant to an agreement whereby the defendant would pay Caciopoli $2,000 per month from October, 1984 through March, 1988 and $4,000 per month from April 1988 through March, 1992. There was no written contract concerning the foregoing arrangement. Moreover, the plaintiff presented no evidence that he had ever sent a bill to Neri Brothers at any time from 1984 through March, 1992.
The plaintiff asks this court to make a finding that Neri Brothers violated § 52-226a because it intended to rely on the business records of Neri Brothers which had been produced while Carl Neri was in control of the corporation and while Attorney Caciopoli was counsel for the corporation and should have known that those records were unreliable.
Those records showed that payments to Attorney Caciopoli began at $2,000 per month in 1984, went down in 1987 and 1988 to $1,000 then increased again to $2,000 per month in 1989. At a prejudgment remedy hearing which occurred in this action in 1992 Carl Neri testified that the business records in question were completely unreliable. Nevertheless, the records were created under Carl's supervision. Therefore, the defendant's strategy to use them against Attorney Caciopoli certainly did not constitute bad faith. CT Page 3859
The plaintiff also faults the defendant for its failure to consult with Carl Neri over various aspects of its counterclaims, defenses, and the Neri Brothers business records. It is not surprising that Alan Neri, president of the corporation during the pendency of this lawsuit, would be unwilling or unable to consult with Carl Neri. The two brothers had been involved in litigation for years and Alan may well not have trusted Carl, particularly after a trial court found that Carl had fraudulently wrested majority ownership of the corporation from Alan. For the foregoing reasons this court cannot find that the counterclaims brought in this action were without merit and not brought in good faith.
By the court,
Aurigemma, J.