[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
On August 2, 1993, the plaintiff, Jeffrey D. Carle, filed a two-count complaint against the defendants, Charlene Clark and Agency Rent-A-Car, Inc. ("Agency"). In his complaint, the plaintiff alleges the following.
On December 6, 1991 at approximately 10:04 a.m., the plaintiff was the operator of a motor vehicle which was travelling westbound on I-84 approximately one-half mile east of Exit 25 in Waterbury, Connecticut. At that time and place, a motor vehicle that was leased to defendant Clark struck the plaintiff's vehicle in the rear. The operator of the leased vehicle fled the scene and has not been identified. The collision and the plaintiff's resultant injuries were caused by the negligent operation of the leased vehicle.
In count one, the plaintiff claims that defendant Clark was negligent in that (1) "she knew, or reasonably should have foreseen, that the leased vehicle might be stolen and innocent persons injured when she left the leased vehicle unattended, with the key in the ignition and the engine running, on a street in a city where car thefts are common" and/or (2) defendant Clark "negligently authorized a third party, who was the operator of the leased vehicle at the time the plaintiff was injured, to use the leased vehicle."
In count two, the plaintiff claims that "as the owner of a motor vehicle leased to another, [Defendant Agency] is liable to the plaintiff for any damages caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." (Complaint, count two, ¶ 4.) The plaintiff seeks recovery against defendant Agency pursuant to General Statutes § 14-154a. CT Page 591
On August 24, 1995, defendant Agency filed a motion for summary judgment as to count two on the ground that it cannot be held liable for the acts of an operator who was not authorized to use its vehicle. In accordance with Practice Book § 380, Agency filed a memorandum of law, a copy of the rental agreement, and the deposition of the plaintiff in support of its motion. Additionally, on September 11, 1995, the plaintiff filed a memorandum of law in opposition to Agency's motion for summary judgment.
"Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Scinto v. Stamm,224 Conn. 524, 530, 620 A.2d 99 (1993). "[A] party seeking summary judgment has the burden of showing the nonexistence of any material fact." Id. However, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Scinto v. Stamm, supra, 224 Conn. 530. "The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted.)Connell v. Colwell, 214 Conn. 242, 247, 571 A.2d 116
(1990).
Basing most of its argument on the Supreme Court case of Pedevillano v. Bryon, 231 Conn. 265, ___ A.2d ___
(1994), Agency contends that the lessor of a motor vehicle cannot be held liable for injures sustained by a third person as a result of the negligent operation of the vehicle by someone who was not authorized to operate the vehicle. Agency further contends that since the lessee was not operating the motor vehicle at the time of the accident in question, it cannot be held liable for the plaintiff's resultant injuries.
The plaintiff counters that the lessee, defendant Clark, was negligent in operating the leased vehicle. The CT Page 592 plaintiff further argues that Agency is liable for defendant Clark's negligence pursuant to General Statutes § 14-154a.
General Statutes § 14-154a provides that:
 Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner.
According to the statute, Agency's liability hinges on whether defendant Clark can be held liable for the plaintiff's injuries. Agency does not dispute the fact that defendant Clark left the keys in the motor vehicle with the engine running when some unidentified person took the vehicle and caused the accident that resulted in the plaintiff's injuries. Agency does, however, argue that defendant Clark was not operating the vehicle as that term is defined by Connecticut case law.
The Appellate Court has determined that "operation of a motor vehicle occurs when there is a setting in motion of the operative machinery of the vehicle, or there is movement of the vehicle, or there is a circumstance resulting from that movement or an activity incident to the movement of the vehicle from one place to another." Riverav. Fox, 20 Conn. App. 619, 624, 569 A.2d 1137, cert. denied, 215 Conn. 808, 576 A.2d 538 (1990). Moreover, "[p]roof of operation is a factual determination."O'Rourke v. Commissioner of Motor Vehicles, 33 Conn. App. 501,505, 636 A.2d 409 (1994).
Against this background, a question of fact exists as to whether defendant Clark was "operating" the vehicle at the time of the accident. Defendant Clark concedes in her deposition that she started the car, left the engine running and the door unlocked. (Deposition of defendant Clark, p. 2.) Defendant Clark further concedes that since the weather was cold, she was warming up the car before leaving for work. Id. Thus, one could reasonably conclude that defendant Clark was operating the vehicle. Proof of CT Page 593 this operation is a question of fact to be determined by the trier. See O'Rourke v. Commissioner of Motor Vehicles,
supra, 33 Conn. App. 505. Agency cites Pedevillano v.Bryon, supra, 231 Conn. 265, for the proposition that under General Statutes § 14-154a liability may only be imposed on the lessor if the vehicle, at the time in question, was being operated by one in lawful possession of it pursuant to the terms of the contract of rental.
However, Pedevillano is distinguishable from the present case. In Pedevillano, the lease agreement between the lessee and lessor had an express provision defining who would qualify as an "authorized" driver. Id., 267. The lessee permitted someone who was not authorized to drive the vehicle. In that case, the unauthorized driver who was not the lessee, caused serious personal injury to the plaintiff while operating the rented vehicle. The court held that since the driver did not qualify as an "authorized" person under the lease agreement, the lessor was entitled to summary judgment. Id., 272.
The court reasoned that General Statutes § 14-154a
"does not, in its terms, preclude a lessor from imposing reasonable restrictions on the identity of those to whom it is willing to assume risk." Id., 270. The court further reasoned that "[i]n the cases in which we have found a basis for enforcing statutory liability, the tortfeasor invariably has been found to have been a person who had possession of the vehicle in accordance with the lease agreement." Id. However, the court cautioned that "the lessor's right to limit the identity of authorized drivers does not, in light of the purpose of § 14-154a, relieve the lessor of liability for misconduct by such authorized drivers, even when such misconduct violates express contractual restrictions on the use of the vehicle." (Emphasis in original.) Id.
This court is of the opinion that the latter situation applies to the present case. In the present case, defendant Clark and Maurice Knight were the only authorized drivers under the lease agreement. Unlike the situation inPedevillano, defendant Clark was in lawful possession of the motor vehicle prior to the accident. The defendant Clark's leaving the vehicle unattended, with the engine running, thereby allowing someone to cause the plaintiff's CT Page 594 injuries with such vehicle, may constitute misconduct for which Agency would be liable. As discussed above, a question of fact exists as to whether defendant Clark's turning on the engine and leaving the car idle constitutes her "operating" the vehicle as that term is defined by Connecticut case law. A jury could reasonably conclude that defendant Clark was operating the vehicle, thus invoking the protections of General Statutes § 14-154a.
Finally, Agency's liability hinges on whether defendant Clark can be held liable for the plaintiff's injuries. One could reasonably conclude that defendant Clark's leaving the keys in an unlocked car on a public street, with the engine running, constitutes a negligent act which should be imputed to Agency under General Statutes § 14-154a. See Mellish v. Cooney,23 Conn. Sup. 350, 351, 183 A.2d 753 (1962) (court concluded that "leaving an automobile on a city street, after dark, with the keys in the ignition, was a negligent act, and that the defendant should have foreseen the distinct possibility that a thief might steal the car and cause damage to innocent persons."). General Statutes § 14-154a imposes liability "to the same extent as the operator would have been liable if he had also been the owner." Since a question of fact remains as to whether defendant Clark was operating the motor vehicle, summary judgment on this issue is inappropriate. Therefore, defendant Agency's motion for summary judgment as to count two is denied.
Hennessey, J.