[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter involves an appeal from the decision of a hearing officer of the Department of Motor Vehicles who determined that the suspension of the appellant's right to operate motor vehicle by the Commissioner was in accordance with motor vehicle regulations and statutes.
The appellant was operating his vehicle in the Town of Seymour on April 7, 1995 when an officer on cruiser patrol stopped him for what the officer felt was erratic operation. Mr. Sorrentino was transported to the Seymour Police Station when according to police he was asked if he would submit to a breath test to determine the presence and extent of alcohol in his system. All of this was done pursuant to the authority vested in the arresting police officer by Sec. 14-227b(b) of the Connecticut General Statutes. Mr. Sorrentino again according to Officer Beres refused to take the test and in due course his right to operate was suspended. This action of the officer as regards to taking of the appellant's license and the Motor CT Page 3251 Vehicle Department in suspending his license resulted in the appellant's request for a hearing which was conducted him on April 27, 1995. The hearing officer in accordance with the provisions of C.G.S. § 14-227b(f) determined that all of the prerequisites to a lawful suspension had been properly met by the Department and accordingly upheld the suspension.
The appellant then filed this appeal claiming that the hearing officer improperly concluded that he had refused the chemical test; that there was insufficient evidence to reach such a conclusion; that the hearing officer demonstrated bias towards the appellant by indicating that the police officer was more credible than the appellant; that there was no breathalyzer machine at the police department and consequently it was improper to conclude that the appellant refused the test as it could not have been given in any event. All or any of these actions by the hearing officer the appellant claims culminate in a finding which was illegal, arbitrary and an abuse of discretion.
The court's role in such administrative appeals as the appellant is here prosecuting is sharply limited. Conn. Gen. Stat. § 4-183(j) provides that:
 The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, may render a judgment under subsection (k) of this section or remand the case for further proceedings. For purposes of this section, a remand is a final judgment.
CT Page 3252
See also Buckley v. Muzio, 200 Conn. 1, 7.
Counsel for the appellant refers the court to the transcript (Item 2, Record) at page 35 where the dialogue according to counsel suggests the hearing officer said that he believed the police officer was automatically more reliable than Mr. Sorrentino. A fair reading of this part of the transcript does not suggest to the court that this is what the hearing officer meant by his remarks. Of course, such an observation by the magistrate in such a hearing would so taint the proceedings that due process would of necessity be denied. The court, however in this case, cannot reach such a conclusion as is advocated by counsel. At line 13 and 14, the hearing officer opined that both the police officer and the appellant were credible insofar as their testimony was concerned. There were other circumstances brought out in the hearing as appearing in the record upon which the hearing officer could reasonably have reached the conclusion of the appellant's refusal of the test. The transcript also reflects that a breathalyzer was available in a nearby town (Transcript p. 29, Record Item 2) and had the appellant not refused the test it would have been conducted at that location. The appellant testified that he did not refuse the test but two officers testified that they heard him decline.
It is not for this court to draw any conclusions from the evidence presented but only to determine if the whole record supports the conclusion of the hearing officer in answering the question of whether the appellant refused the test. O'Rourke v.Commissioner of Motor Vehicles, 33 Conn. App. 501, 506. The record amply supports this conclusion so it must stand and further, this court as indicated previously, cannot conclude from the transcript that bias against the appellant has been demonstrated.
Accordingly, the petition is dismissed.
George W. Ripley, Judge