[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter involves an appeal from the decision of a hearing officer of the Department of Motor Vehicles who determined after a hearing conducted under the provisions of 14-227b of the Connecticut General Statutes, "the implied consent to test", that the suspension of the appellant's right to operate a motor vehicle by the commissioner was in accordance with motor vehicle regulations and statutes.
The hearing as provided under this statute is limited to the hearing officer determining only the following issues:
1. Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle was impaired by the consumption of intoxicating liquor; CT Page 5495-M
2. Was such person placed under arrest;
3. Did such person refuse to submit to such test or analysis or did such person submit to such test or analysis, commenced within two hours of the time of operation;
4. Was such person operating the motor vehicle.
The hearing officer after hearing the testimony as recorded in the transcripts of January 31 and February 14, 1996 concluded that all of the prerequisites to a lawful suspension had been properly met and accordingly upheld the suspension period. It is from this determination that the plaintiff appeals claiming that the suspension of his right to operate a motor vehicle was illegal, arbitrary and in abuse of discretion in that the record does not reflect substantial evidence to support the findings.
Factually, the record reflects, inter-alia, the following as taken from the appellant's memorandum of law in support of the appeal and which narrative the appellant characterizes as undisputed and admitted:
 Upon turning onto Buckingham Road, Officer Zwick observed a vehicle, later determined to be the plaintiff's, stuck on a snowbank with its wheels off the ground. He began to search the area for the operator and located the plaintiff walking toward his home, which was located less then one mile from the accident scene. He observed that the plaintiff was having difficulty walking. He searched the plaintiff, put him in his patrol car, explained that they had to go back to the plaintiff's vehicle, and returned to the accident scene where Officer Diglio had now arrived.
 Officer Diglio's report reflects that the plaintiff stated that he had driven his vehicle from Stop Shop (where the plaintiff is employed) in Waterbury back to Seymour. The plaintiff appeared to him to be intoxicated, failed field sobriety tests, and was formally placed under arrest. The plaintiff subsequently refused to take a breath test.
In addition, the transcript of January 31, 1996 reflects the following: CT Page 5495-N
p. 9 — that the plaintiff was operating his motor vehicle
p. 10 — that he hit a snowbank going into Buckingham Road
p. 12 — that he had a couple of shots of beer at home after running off the road
p. 13 — that the vehicle in the snowbank was his.
The transcript of February 14, 1996 reflects the following testimony:
Officer Zwick, Seymour Police Department.
p. 8 — that the registration number of the vehicle in the snowbank was that of the appellant as well as indicating his home as being nearby by the address noted
p. 9 — that the appellant admitted that he had operated the vehicle into the snowbank
p. 10 — that the officer observed that the appellant had difficulty walking.
Additionally, the hearing officer had before him the police report (State's Ex. A) reflecting that the appellant had problems performing standard "California tests" for the determination of sobriety and the defendant's refusal to take the chemical alcohol test.
The court's role in appeals such as this is rather sharply circumscribed. The court may reverse the decision of the agency if the court finds that the decision violates constitutional or statutory provisions; is clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or was arbitrary or capricious. Conn. Gen. Stat. § 4-183 (j).
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable." Schallenkamp v. DelPonte, 229 Conn. 31 (1994) (internal citations omitted). "Substantial evidence exists if the administrative record affords a substantial basis in fact from CT Page 5495-O which the fact in issue can be reasonably inferred." Id. (emphasis added).
The first question for the hearing officer to determine is whether the arresting officer had probable cause to arrest the appellant. It should be noted that "probable cause" requires evidence well short of the burden of proof required for the conviction of a criminal offense. See State v. Mitchell, 200 Conn. 323,336. State v. Penland, 174 Conn. 153, 155. "Probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to believe that the person arrested had committed an offense. Beckv. Ohio, 379 U.S. 89, 91. State v. Wilson, 153 Conn. 39. The remaining issues for the hearing officer under the statute,14-227b(f); that an arrest eventuated, that there was a refusal to submit to a chemical test and that the appellant was operating a vehicle sometime during the time in question are conceded by the appellant or otherwise supported by the record.
It is not for this court to draw any conclusions from the evidence presented but only to determine if the whole record supports the conclusion of the hearing officer in answering the question of whether the appellant refused the test. O'Rourke v.Commissioner of Motor Vehicles, 33 Conn. App. 501, 506.
The record clearly demonstrates that the arresting officer had probable cause to arrest the defendant for operating while under the influence of liquor in seeing the appellant's vehicle on a snowbank and off the road with the vehicle still warm from recent operation and finding the appellant in the immediate proximity having difficulty in walking with an odor of liquor about him. The court notes that the thrust of this statute is not to determine whether the defendant at the time of operation of the vehicle was intoxicated under the provisions of 14-227a but whether there was probable cause to permit the officer to request the defendant in such a situation to submit to a chemical test to determine whether alcohol was present in the blood, urine or breath.
The appeal is dismissed.
George W. Ripley, Judge CT Page 5495-P