# DENNIS REDDEN *v.* MICHAEL W. KOZLOWSKI, COMMISSIONER OF MOTOR VEHICLES
### (AC 16124)

Landau, Schaller and Spear, Js.

Submitted on briefs March 6—officially released May 20, 1997

*Richard Blumenthal*, attorney general, and *Robert T. Morrin*, assistant attorney general, filed a brief for the appellant (defendant).

*Richard S. Crammer* filed a brief for the appellee (plaintiff).

LANDAU, J. The defendant, Michael W. Kozlowski, commissioner of motor vehicles (commissioner), appeals from the judgment of the trial court sustaining the plaintiff's appeal from the commissioner's decision to suspend the plaintiff's operator's license for six months pursuant to General Statutes § 14-227b. The sole issue on appeal is whether the trial court improperly concluded that there was insufficient evidence to support the hearing officer's determination that the plaintiff had been operating the motor vehicle at the time of his arrest in the town of East Hampton in violation of General Statutes § 14-227a.[1] We reverse the judgment of the trial court.

The following facts are pertinent to our resolution of this appeal. On October 31, 1995, at approximately 12:50 a.m., the plaintiff was observed by East Hampton police officers in the driver's seat of his automobile with the engine running in a parking lot with a capacity of more than ten vehicles. After failing numerous field sobriety tests, the plaintiff was arrested and charged with operating a motor vehicle while intoxicated in violation of § 14-227a.[2] At the police station, the plaintiff refused to submit to a chemical alcohol test. Following a hearing, held pursuant to § 14-227b, the commissioner

---

[1] General Statutes § 14-227a provides in pertinent part: "(a) Operation while under the influence. No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if he operates a motor vehicle on a public highway of this state or on any road of a district organized under the provisions of chapter 105, a purpose of which is the construction and maintenance of roads and sidewalks, or on any private road on which a speed limit has been established in accordance with the provisions of section 14-218a, or in any parking area for ten or more cars or on any school property (1) while under the influence of intoxicating liquor or any drug or both or (2) while the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight. . . ."

[2] See footnote 1.

found that (1) the police officer had probable cause to arrest the plaintiff for a violation specified in subsection (b) of § 14-227a, (2) the plaintiff was placed under arrest, (3) the plaintiff refused to submit to a chemical alcohol test or analysis, and (4) the plaintiff was operating the motor vehicle. On the basis of these findings, the commissioner suspended the plaintiff's operator's license for six months.

The plaintiff appealed the suspension to the trial court, pursuant to General Statutes § 4-183, claiming that (1) there was insufficient evidence to support the hearing officer's finding that the plaintiff was operating the vehicle, and (2) the parking lot in which he was parked at the time of his arrest was not a "parking area" within the scope of § 14-227a (a). The trial court sustained the plaintiff's appeal, finding that the evidence was insufficient to support the hearing officer's determination that the plaintiff had operated the motor vehicle. This appeal followed.

The defendant claims on appeal that the trial court improperly concluded that there was insufficient evidence in the record to determine that the plaintiff was operating the vehicle. We agree.

"Proof of operation is a factual determination. See, e.g., *State* v. *Hanusiak*, 4 Conn. Cir. Ct. 34, 46, 225 A.2d 208 (1966) (§ 14-227b contemplates that the trier of facts shall make the finding of operation). [A]n agency's factual and discretionary determinations are to be accorded considerable weight by the courts. *Lieberman* v. *State Board of Labor Relations*, 216 Conn. 253, 262, 579 A.2d 505 (1990). The factual findings of the commissioner of motor vehicles must be affirmed by the trial court unless they are clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. General Statutes § 4-183 (j) (5)." (Internal quotation marks omitted.) *O'Rourke* v. *Commissioner*

*of Motor Vehicles,* 33 Conn. App. 501, 505, 636 A.2d 409, cert. denied, 229 Conn. 909, 642 A.2d 1205 (1994).

"We note at the outset that [j]udicial review of the commissioner's action is governed by the Uniform Administrative Procedure Act (General Statutes . . . §§ 4-166 through 4-189), and the scope of that review is very restricted. . . . *Buckley* v. *Muzio,* 200 Conn. 1, 3, 509 A.2d 489 (1986), quoting *Lawrence* v. *Kozlowski,* 171 Conn. 705, 707–708, 372 A.2d 110 (1976), cert. denied, 431 U.S. 969, 97 S. Ct. 2930, 53 L. Ed. 2d 1066 (1977). In cases involving administrative appeals it is not the function of this court, nor was it the function of the trial court, to retry the case or to substitute its judgment for that of the administrative agency. *Madow* v. *Muzio,* 176 Conn. 374, 376, 407 A.2d 997 (1978); *C & H Enterprises, Inc.* v. *Commissioner of Motor Vehicles,* 176 Conn. 11, 12, 404 A.2d 864 (1978); *DiBenedetto* v. *Commissioner of Motor Vehicles,* 168 Conn. 587, 589, 362 A.2d 840 (1975); see General Statutes § 4-183 (j)." (Internal quotation marks omitted.) *O'Rourke* v. *Commissioner of Motor Vehicles,* supra, 33 Conn. App. 506.

Our review requires us to. determine whether there is substantial evidence in the administrative record to support the commissioner's findings of basic fact and whether the conclusion drawn from those facts is reasonable. *Schallenkamp* v. *DelPonte,* 29 Conn. App. 576, 580–81, 616 A.2d 1157 (1992), aff'd, 229 Conn. 31, 639 A.2d 1018 (1993); see also *Connecticut Light & Power Co.* v. *Dept. of Public Utility Control,* 216 Conn. 627, 639, 583 A.2d 906 (1990). "Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) *O'Rourke* v. *Commissioner of Motor Vehicles,* supra, 33 Conn. App. 507. If the commissioner's determination to suspend the plaintiff's license is supported by substantial

evidence in the record, that determination must be sustained. Id.

The plaintiff claims that there was not sufficient evidence in the record for the commissioner to determine that he was operating the vehicle. In support of his claim, the plaintiff attempts to distinguish the facts of this case from those in *O'Rourke* v. *Commissioner of Motor Vehicles,* supra, 33 Conn. App. 501. In *O'Rourke,* we affirmed the judgment of the trial court dismissing the plaintiff's appeal from the commissioner's decision to suspend his operator's license for a period of one year. The plaintiff in *O'Rourke* claimed, inter alia, that there was insufficient evidence presented to support the hearing officer's finding that he had been operating his motor vehicle when he was arrested. The plaintiff in this case focuses on facts found significant by the *O'Rourke* court, i.e., that the plaintiff in that case was sitting in the operator's seat with his seat belt fastened, and that the vehicle was involved in an accident and the vehicle was in need of a tow. The plaintiff argues that no such evidence exists in this case.

Here, the East Hampton police found the plaintiff in a parking lot, at approximately 12:40 a.m., in the operator's seat of his motor vehicle with the engine running and the headlights on. The commissioner could reasonably have inferred from these facts that the plaintiff had been operating the vehicle.

We conclude that the record contains substantial evidence supporting the commissioner's finding that the plaintiff had operated the vehicle. Thus, the trial court improperly sustained the plaintiff's appeal in view of the reliable, probative and substantial evidence on the whole record.

The plaintiff argues, in the alternative, that even if we conclude, as we have, that the commissioner's decision was supported by substantial evidence, we can, never-

theless, affirm the trial court's decision on an alternate ground. See Practice Book § 4013 (a) (1).[3] The plaintiff asserts that the parking lot in which he was parked at the time of his arrest was not a parking area within the scope of § 14-227a (a) and as defined in § 14-212 (6). The commissioner found that the plaintiff was parked in a parking lot with a capacity of more than ten vehicles within the meaning of § 14-227a (a). The plaintiff raised this issue on appeal to the trial court, but the court, having concluded that insufficient evidence existed to support the hearing officer's finding that the plaintiff had operated the vehicle, did not review this claim. Thus, this case must be remanded to the trial court to consider the merits of the plaintiff's claim.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.

[3] Practice Book § 4013 (a) (1) as it applied to the filing of the appellant's preliminary statement of the issues provides in pertinent part: "If any appellee wishes to (A) present for review alternate grounds upon which the judgment may be affirmed . . . that appellee shall file a preliminary statement of issues within fourteen days from the filing of the appellant's preliminary statement of the issues.