[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter involves an appeal from the decision of a hearing officer of the Department of Motor Vehicles who CT Page 10180 determined after a hearing conducted under the provisions of 14-227b
of the Connecticut General Statutes, "the implied consent to test", that the suspension of the appellant's right to operate a motor vehicle by the commissioner was in accordance with motor vehicle regulations and statutes.
The hearing as provided under this statute is limited to the hearing officer determining only the following issues:
1. Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor or drug or both or while his ability to operate such motor vehicle was impaired by the consumption of intoxicating liquor;
2. Was such person placed under arrest;
3. Did such person refuse to submit to such test or analysis or did such person submit to such test or analysis, commenced within two hours of the time of operation;
4. Was such person operating the motor vehicle.
The hearing officer after hearing the testimony as recorded in the transcript of December 3, 1996 concluded on December 4, 1996 that all of the prerequisites to a lawful suspension had been properly met and accordingly upheld the suspension period. (R.-item 6) It is from this determination that the plaintiff appeals claiming that the suspension of his right to operate a motor vehicle was illegal, arbitrary and in abuse of discretion in that the record does not reflect substantial evidence to support the findings.
Factually, the record reflects Inter alia, that the defendant according to the incident report, (R.-item 5) was brought to the New Haven Police State in November 12, 1996 to be booked for operating under the influence on Halley Avenue and Fitch Streets. While at the station he agreed to submit to the breath test procedures as provided under § 14-227a C.G.S. The investigating officer explained how the defendant should blow into the Intoximeter until the officer told him to stop and the defendant said "Fine", suggesting that he understood the directions and would perform them as directed. The defendant then blew into the machine but at a certain point stopped blowing and the machine reported that it was an insufficient sample. The CT Page 10181 defendant then was given another opportunity and repeated the same performance and again the Intoximeter reported an "insufficient sample". The officer concluded the defendant's failure to perform the test in accordance with his instructions was tantamount to a refusal to take the test and so indicated on the defendant's DWI Arrest and Alcohol Test Refused or Failure to Report (R.-item 5). Subsequently, the hearing officer concluded that the defendant refused by his action to take the test and ordered the suspension of his operator's license. (R. -item 6).
The defendant appeals this determination claiming that there was unsubstantial and insufficient evidence in the record to support the conclusion that the defendant refused the test by his failure to produce a valid reading despite two attempts.
The court's role in appeals such as this is rather sharply circumscribed. The court may reverse the decision of the agency if the court finds that the decision violates constitutional or statutory provisions; is clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or was arbitrary or capricious. C.G.S. § 4-183 (j).
It is not for this court to draw any conclusions from the evidence presented but only to determine if the whole record supports the conclusion of the hearing officer in answering the question of whether the appellant refused the test. O'Rourke v.Commissioner of Motor Vehicles, 33 Conn. App. 501, 506.
The evidence in this case indicates that the defendant was directed as to how to perform the breath test and has indicated that he understood those directions. Nonetheless, given two opportunities, he did not perform them so that a valid reading could be obtained. The record adequately supports the officer's conclusion that the defendant refused to perform the breath test.
Accordingly, the appeal is dismissed.
George W. Ripley, Judge Referee