[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Robert E. Montgomery appeals the decision of the defendant commissioner of motor vehicles suspending his motor vehicle operator's license for a period of six months. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff refused to submit to a chemical test of the alcohol content of his blood after having been arrested on a charge of driving while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant. CT Page 13890
The following facts are reflected in the record. On August 24, 1997, at approximately 5:11 p.m., Cheshire police officers responded to a complaint of a one car accident on Creamery Road near Wolf Hill Road. Prior to the officers arriving, the car was seen leaving the scene and witnesses provided the officers with the registration number. Witnesses reported that a gray Buick had traveled east on Creamery Road, hit a mailbox and post at 170 Creamery Road, and left before the driver provided his name or took responsibility. The officers went to the residence of the registered owner of the vehicle, which was approximately .5 miles from the scene of the accident. The plaintiff is the registered owner of the vehicle. Upon arrival, the officers noticed the gray Buick partially in the driveway and partially on the lawn and observed fresh front end damage consistent with colliding with the mailbox. Jayne Montgomery met the officers at the house and informed them that the plaintiff had just arrived home and had been operating the Buick. The plaintiff was asleep on the couch. When he awoke, the officers noted his disheveled appearance, his glassy and bloodshot eyes and his slurred speech. He could not stand without assistance. He admitted to driving the vehicle and to being involved in an accident. After being placed under arrest and taken to police headquarters, the plaintiff refused to submit to any sobriety test or chemical alcohol test. As a result of this refusal, his license was suspended for six months. The plaintiff requested and received a hearing pursuant to General Statutes § 14-227b. After the hearing, the commissioner suspended the plaintiff's license as above, determining in part that the plaintiff was operating the vehicle.[1] It is that finding that the plaintiff contests in this appeal.
In an administrative appeal, the plaintiff bears the burden of proving that the commissioner's decision to suspend a motor vehicle operating license was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record.Schallenkamp v. DelPonte, 229 Conn. 31, 39 (1994); see Lawrencev. Kozlowski, 171 Conn. 705, 713-14 (1976), cert. denied,431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed.2d 1066 (1977). "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) Schallenkamp v. DelPonte, supra, CT Page 13891229 Conn. 40. "The evidence must be substantial enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." (Internal quotation marks omitted.) Marshall v. DelPonte,27 Conn. App. 346, 352, 606 A.2d 716 (1992). "[I]f the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." Connecticut Building Wrecking Co.v. Carothers, 218 Conn. 580, 601 (1991). The obvious corollary to the substantial evidence rule is that a court may not affirm a decision if the evidence in the record does not support it.Bialowas v. Commissioner of Motor Vehicles, 44 Conn. App. 702,708-709 (1997).
The plaintiff claims that there is insufficient evidence on the record to support the finding that the plaintiff was operating the vehicle. The court disagrees. There was evidence in the form of an admission by the plaintiff to the police officer, as well as the witnesses' identification of the plaintiff's vehicle, the placement of the plaintiff's vehicle off the driveway and onto the lawn and Jayne Montgomery's statement that the plaintiff had been operating the vehicle. Finally, the plaintiff's own sworn testimony at the hearing does not necessarily contradict the above evidence. The plaintiff testified that he was at a bar, felt sick and "believed" he handed the bartender his car keys. He recalled nothing further until the police arrived at his house. (ROR, tr. P. 5.) Even if that testimony contradicted the other evidence of operation, the hearing officer was entitled to reach the determination he did.Schallenkamp v. Delponte, supra, 229 Conn. 41; see also O'Rourkev. Commissioner of Motor Vehicles, 33 Conn. App. 501 (1994).
The plaintiff also claims that the hearing officer abused his discretion by not cross examining the plaintiff in the issue of operation. As noted above, the hearing officer determines the facts and may draw reasonable inferences. The court has found and the plaintiff has offered no authority that requires a hearing officer to cross examine a witness in his role. Here, the plaintiff was represented by counsel and testified on direct examination that he could not remember any events after he believed he handed his car keys to the bartender. There was substantial evidence to support the hearing officer's decision, and there was no abuse of discretion in the lack of cross examination. CT Page 13892
The appeal is dismissed.
DiPentima, J.