[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Michael Buscetto, Jr. d/b/a Michael's Service Center appeals a decision of the defendant department of motor vehicles revoking his used car dealer license and ordering all indicia of licensure to be surrendered to the department immediately. The department acted under General Statutes § 14-64
which authorizes the commissioner of the department to suspend or revoke the license of any licensee after notice and hearing upon certain findings. The plaintiff appeals pursuant to General Statutes §§ 14-57 and 4-183. Since the decision of the defendant suspended the plaintiff s license to do business, a significant personal and CT Page 5219 legal interest, the court finds that the plaintiff is aggrieved within the meaning of General Statutes 4-183 (a). See Med-Trans of Conn.,Inc. v. Dept of Public Health Addiction Services, 242 Conn. 152,158-59 (1997).
The plaintiff is a used car dealer licensed by the department for business conducted at 52 Truman Street in New London. On October 18, 1996, the department sent the plaintiff a notice of hearing advising him of six allegations that, if proven, would warrant the suspension or revocation of his license. A hearing was held on November 26, 1996, when the department presented witnesses and documents in support of the allegations and the plaintiff appeared, testified and presented documentary evidence. On February 11, 1997, the hearing officer issued findings of fact and conclusions of law finding that the department had proved all six allegations:
 1. That the Licensee, on or about August 31, 1995 through June 11, 1996, violated Section 14-64 of the Connecticut General Statutes, and therefore is no longer qualified to as a used car dealer applying the standards of Section 14-51 of the Connecticut General Statutes.
 2. That the Licensee violated Section 14-60 (b) of the Connecticut General Statutes on or about August 31, 1995 through June 11, 1996, in that the Licensee failed to maintain records for all dealer plates issued to the Licensee.
 3. That the Licensee violated Section 14-60 (b) of the Connecticut General Statutes on or about August 31, 1995 through June 11, 1996, in that the Licensee failed to maintain records for all dealer plates issued to the Licensee.
 4. That the Licensee violated Section 14-63-3 (d)(e) of the Connecticut Motor Vehicle Regulations on or about August 31, 1995 through June 11, 1996 by failing to maintain proper facilities, personnel, equipment at the licensed location.
 5. That the Licensee violated Section 14-63-42 of the Connecticut Motor Vehicle regulations on or about August 31, 1995 through June 11, 1996, by failing to make records available for inspection as required.
 6. That the Licensee violated Section 14-65i of the Connecticut General Statutes on or about August 31, 1995 CT Page 5220 through June 11, 1996 by failing to have posted the two signs as required.
 7. That the Licensee violated Section 14-66b of the Connecticut General Statutes on or about August 31, 1995 through June 11, 1996 by failing to maintain wrecker records as required.
(Return of Record (ROR), Decision, p. 4).[1]
In this appeal, the plaintiff argues that as to all six violations, the record contains insufficient evidence to support the hearing officer's findings and conclusions.
A basic principle of administrative law is that the scope of the court's review is very limited. General Statutes § 4-183
(j) in part provides
 The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
"Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted.) Reddenv. Kozlowski, 45 Conn. App. 225, 228 (1997). The plaintiff bears the burden of proof on this issue. "Rather than asking the reviewing court to retry the case de novo. . . the plaintiff must establish that substantial evidence does not exist in the record as a whole to support the agency's decision." (Citations omitted; internal quotation marks omitted.) Newtown v. Keeney,234 Conn. 312, 319 (1995).
As to questions of law, the Supreme Court has recently stated that the deferential standard does not apply to a court's review of an "agency's construction of a statute, which is a pure question of law, particularly when the question has not been subjected to prior judicial review." Connecticut Light PowerCT Page 5221Co. v. Texas-Ohio Power, Inc., 243 Conn. 635, 644 (1998). Otherwise, deference is accorded to the agency's construction of the statute it is empowered to enforce by applying subsection (6) of General Statutes § 4-183 (j). Id., 642.
"Judicial review of [an administrative agency's action] is governed by the Uniform Administrative Procedures Act (General Statutes §, c. 54, 4-166 through 4-189), and the scope of that review is very restricted. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency] . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion." (Citations omitted; internal quotation marks omitted.)Board of Education v. Freedom of Information Commission,208 Conn. 442, 452 (1988).
The evidence shows that the department's investigator, Sergeant Howard Koenig, made seven unannounced visits to 52 Truman Street during the period from August 31, 1995 to June 11, 1996. Those visits fell on different days of the week. Sergeant Koenig testified that for each visit he was unable to gain access to the building, he observed no business activity, and there was no personnel on the premises. Other witnesses testified that when they drove by the premises they observed no business activity. The photographs of the premises revealed overgrown weeds and grass in front of the garage doors. The plaintiff testified that he was open for business up to two days a week, except for the two months he spent in Florida and the months of June and July when he sold ice cream at another business location. He also stated that he had no employees.
Under General Statutes § 14-64 (5), the commissioner may revoke a used car dealer's license if he finds that the licensee "is not qualified to conduct the licensed business, applying the standards of section 14-51 and the applicable regulations." Under General Statutes § 14-51 a used car dealer "shall be a person qualified to conduct such business and have a suitable and adequate place of business, which shall be determined by the commissioner."
There is substantial evidence in the record to support the hearing officer's conclusion that the plaintiff violated General Statutes § 14-64 by not maintaining records for all dealer plates in violation of General Statutes § 14-60(b). The CT Page 5222 plaintiff simply argues that because he was a sole proprietor and had no employees he did not have to comply with the provisions of § 14-60(b). He cites no authority for that proposition, and a reading of the statute does not support that interpretation.
There is substantial evidence in the record through the testimony of witnesses and the photographs to support the hearing officer's conclusion that the plaintiff violated General Statutes § 14-64 by failing to maintain proper facilities, personnel and equipment at the licensed premises in violation of § 14-63-3 (d) of the Connecticut State Agency Regulations. As noted previously, when the investigator visited the premises, they were overgrown with grass and weeds and no personnel were present. While the plaintiff testified that he is a qualified mechanic and he is present on the premises for approximately two days a week for a total of twelve or thirteen hours a week, the hearing officer was entitled to believe the testimony of other witnesses who stated that they never saw any business activity or personnel on the premises.
Finally, there is substantial evidence in the record to support the hearing officer's conclusion that the plaintiff violated General Statutes § 14-64 by failing to maintain wrecker records in violation of General Statutes § 14-66b. Although the plaintiff argues that there was no evidence that he owned a wrecker, he testified at the hearing that he had his own truck. (ROR, November 26, 1996 transcript, p. 80).
As to the remaining findings in the hearing officer's decision, the court agrees with the plaintiff that there is not substantial evidence in the record to support the finding as to the posting of the signs in violation of General Statutes §14-65i. Since the department's investigator testified that he could not enter the premises and no one else testified for the department as to the interior of the premises, there was no evidence that the signs were not posted inside as required. The finding of a failure to make the records available for inspection in violation of § 14-63-42 of the Connecticut State Agency Regulations is also flawed. There is no evidence that written notice as required under that regulation was provided to the plaintiff.
Despite this court's determination that some of the findings of the hearing officer are not supported by substantial evidence in the record, the court must sustain the action of the CT Page 5223 department. "Where as here, one of the stated reasons is sufficient to support the action of the commission, then that action should be sustained by the court." New Haven v. Freedom ofInformation Commission, 205 Conn. 767, 778 (1988); see alsoNewton v. Keeney, supra, 234 Conn. 320-21. Here there are three grounds upon which the hearing officer could validly revoke the plaintiff's used car dealer license.
For the above reasons, the appeal is dismissed.
DiPentima, J.