[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal filed by the plaintiff, Karl Vasone, from a final decision of the defendant, Commissioner of Department of Motor Vehicles ("DMV"), ordering the suspension of the plaintiffs motor vehicle operator's license for a period of one year[1] in accordance with Connecticut's Implied Consent Law, General Statutes § 14-227b. The plaintiff is aggrieved by such decision and brings this appeal pursuant to the Uniform Administrative Procedure Act ("UAPA"), General Statutes § 4-183. For the reasons set forth below, the court finds the issues in favor of the defendant.
The evidence presented at the hearing before the DMV hearing officer consisted of the A-44 form[2] with attached reports, the plaintiffs testimony, and a number of medical documents submitted by the plaintiff.
The A-44 and attached reports establish that on December 17, 1999, at approximately 1:15 a.m., Officer Dogali and Officer Drain of the Stamford police department were dispatched to 599 Atlantic Street in Stamford to assist Officer Velme in the investigation of three suspicious persons. When the officers arrived at the scene, the plaintiff was being ordered to exit his vehicle by Officer Velme. The plaintiff, refusing to exist CT Page 12142-t his vehicle, attempted to shift the vehicle into gear. Officer Velme reached into the vehicle and turned off the key to the engine. After ignoring further requests by the officer to exit the vehicle, several officers attempted to forcibly removed the plaintiff. Due to the plaintiffs size and strength and the fact that he was his gripping the steering wheel, the officers were unsuccessful. Officer Velme then administered one burst of cap-stun in the plaintiffs facial area and the plaintiff exited the vehicle.
The plaintiff was transported to the Stamford police headquarters and charged with breach of peace and interfering with the police. After refusing to answer processing questions, the plaintiff was placed into a jail cell. The officers described the plaintiff as very agitated and yelling profanities. During this time, a strong odor of alcohol was detected by the police on the plaintiffs breath. When asked by the police if he had been drinking, the plaintiff responded, "Yes I have." (Return of Record ("ROR"), State's Exhibit A.) The plaintiff was asked if he would submit to a field sobriety test because the officers suspected the plaintiff of driving while intoxicated. The plaintiff responded "A[re] you crazy, no." (ROR, State's Exhibit A.) The plaintiff was read the implied consent advisory and Miranda warnings and afforded an opportunity to contact his lawyer, which he refused. The officer then asked the plaintiff to take the breath test. The plaintiff refused, stating "no." (ROR, State's Exhibit A.) The plaintiff then refused to answer further booking questions and was placed in a cell. At that time, the plaintiff was arrested for driving while intoxicated.
At the license suspension hearing, the plaintiff testified that he was under medication and that he did not refuse to take the breath test. He testified that his medication interfered with his taking of the breath test since he unsuccessfully attempted to blow into the breath machine. The plaintiff also testified that he wanted to consult with his attorney before taking the breath test.
Based on these facts, the hearing officer found pursuant to General Statutes § 14-227b that the police officer had probable cause to arrest the plaintiff for operating a motor vehicle under the influence of intoxicating liquor; that the plaintiff was placed under arrest; that the plaintiff refused to submit to a test of the alcohol content of his blood; and that the plaintiff was operating the vehicle. The hearing officer also made the following subordinate finding: "Testimony notwithstanding, nothing in the police report documents any claims of an alleged inability to blow hard enough. The report documents an almost total lack of cooperation with the police as well as an affirmative CT Page 12142-u refusal of the breath test. Thus there is substantial evidence to support an affirmative finding on refusal." (ROR, Decision.) The plaintiffs operator's license was suspended for one year. This appeal to the Superior Court followed.
Under General Statutes § 14-227b(j), the hearing conducted before the hearing officer is limited to a determination of the following four issues: (1) did the police officer have probable cause to arrest the plaintiff for operating a motor vehicle while under the influence of intoxicating liquor or drug while his ability to operate such motor vehicle was impaired by the consumption of intoxicating liquor; (2) was such person placed under arrest; (3) did such person refuse to submit to such test or analysis; and (4) was such person operating the motor vehicle. In the present appeal, the plaintiff challenges the hearing officer's findings regarding refusal and operations.[3]
In this type of an administrative appeal to this court, the plaintiff has the burden of proving that the DMV's decision to suspend a motor vehicle operators license was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. Schallenkamp v.Delponte, 229 Conn. 31, 39 (1994); see also Lawrence v. Kozlowski,171 Conn. 705, 713-14 (1976), cert. denied, 431 U.S. 969, 97 S.Ct. 2930, 53 L.Ed.3d 1066 (1977). "Judicial review of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's finding of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . the evidence must be substantial enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for. . . . [I]f the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . the decision must be upheld." (Citations omitted; internal quotation marks omitted.) Bialowas v. Commissioner of Motor Vehicles, 44 Conn. App. 702,709 (1997).
In the present appeal, the plaintiff argues that the hearing officer should have given greater weight to the plaintiffs testimony at the hearing, than the statements of the police as reported in the A-44 and who were not present to testify. According to the plaintiff, his testimony established that he did not refuse to take the breath test. Rather, the plaintiff insists that his testimony and the intoxilyzer printout demonstrate that he attempted to breath into the machine but due to his medication was unable to provide a sufficient breath sample. CT Page 12142-v
It is noteworthy that in the present appeal the plaintiff does not challenge the admissibility of the A-44 form and attached supplements. Rather, the plaintiff argues that the hearing officer should have given greater weight to the plaintiff's testimony at the hearing that he did not refuse to the take the breath test but was unable to produce an adequate breath sample because of his medication. The hearing officer was free to disregard the plaintiffs testimony and accept the evidence contained in the police report. Schallenkamp v. Delponte, 229 Conn. 31,41 (1994). The determination of factual issues are within the province of the administrative agency, and as such, the trial court can not retry the case or substitute its judgment for that of the administrative agency.New England Cable Television Assn., Inc. v. DPUC, 247 Conn. 95, 117-18
(1998).
"`[R]efusing' to take a breath test may be accomplished by a failure to cooperate as well as by an expressed refusal." State v. Corbeil,41 Conn. App. 7, 19, cert. granted on other grounds and appeal dismissed, 237 Conn. 919 (1996). In Bialowas v. Commissioner of MotorVehicles, our Appellate Court articulated that: "We hold that where it is undisputed that the motorist submitted to the chemical alcohol test, the fact the he failed to provide an adequate breath sample does not automatically constitute refusal within the meaning of § 14-227b. Such refusal must be supported by substantial evidence." Bialowas v.Commissioner of Motor Vehicles, 44 Conn. App. 702, 714-15 (1997).
In the present case, the hearing officer's conclusion that the plaintiff refused to take the breath test was supported by the facts and observations of the police officers set forth in the police report. The record indicates that the police officer asked the plaintiff to submit to the breath test at 2:24 a.m. The plaintiff expressly refused to submit to such a test, stating "no." The intoxilyzer test-tapes also indicate an express refusal and do not demonstrate, as the plaintiff argues, an insufficient breath sample. Furthermore, the plaintiff from the outset was hostile and demonstrated a complete lack of cooperation with the police officers.
The plaintiffs final argument is that the hearing officer erred in finding operation.[4] "[P]roof of operation [is] a factual determination." Murphy v. Commissioner of Motor Vehicles, 254 Conn. 333,344 (2000); O'Rourke v. Commissioner of Motor Vehicles, 33 Conn. App. 501,505, cert. denied, 229 Conn. 909 (1994). "[W]ith regard to questions of fact, it is neither the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative CT Page 12142-w agency. . . . An agency's factual determination must be sustained if it is reasonably supported by substantial evidence in the record taken as a whole. . . ." New England Cable Television Assn., Inc. v. DPUC,247 Conn. 95, 117-18 (1998).
In the present case, the record indicates that the plaintiff was seated in the driver's seat of the vehicle and was the sole occupant in the vehicle. The plaintiff had shifted the vehicle into gear, requiring the police officer to turn the key of the vehicle off. See State v. Ducatt,22 Conn. App. 88, 92 (1990). Furthermore, a party at the scene reported to the police officers that he had recently witnessed the plaintiff driving his vehicle south bound in the area of 599 Atlantic Street. Accordingly, there was sufficient evidence that the plaintiff had operated a motor vehicle while under the influence of intoxicating liquor.
For the reasons set forth above, the court finds that there is substantial evidence in the record to support the DMV's decision to suspend the plaintiffs motor vehicle license to drive in the State of Connecticut for one year. Accordingly, plaintiffs appeal is dismissed.
Arnold W. Aronson Judge Trial Referee